UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. VON VILLAS,<br><br>           Plaintiff,<br><br>   vs.<br><br>M. PALLARES, et al.,<br><br>           Defendants. | 1:14-cv-01063-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED AS DUPLICATIVE OF CASE 1:13-CV-01869-LJO-JLT-PC<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.      BACKGROUND**

Plaintiff initiated this action by civil complaint at the Kings County Superior Court on August 30, 2012 (case #12-C0264, later consolidated as case #13-C0216).  On November 15, 2012, Plaintiff filed the First Amended Complaint, and on June 16, 2014, Plaintiff filed the Second Amended Complaint.  On July 3, 2014, defendants Pallares, McAfee, Heberling, and Akin ("Defendants") removed the case to federal court by filing a Notice of Removal of Action pursuant to 28 U.S.C. § 1441(b).  (Doc. 2.)

On July 28, 2014, Plaintiff filed an objection to the removal, arguing that "Plaintiff's case is already pending in this Court under Case No. 1:13-cv-01869-LJO-JLT-PC." (Doc. 5 at 1:22-23.)

## II. DUPLICATIVE CASES

"District courts retain broad discretion to control their dockets and '[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal.'" Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir.1986) (per curiam)). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams, 497 F.3d at 688 (citing see Curtis v. Citibank, N.A., 226 F.3d 133, 138–39 (2d Cir. 2000); Walton v. Eaton Corp., 563 F.2d 66, 70–71 (3d Cir.1977) (en banc), cited with approval in Russ v. Standard Ins. Co., 120 F.3d 988, 990 (9th Cir.1997)).

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams, 497 F.3d at 688 (quoting Walton, 563 F.2d at 70; see also Curtis, 226 F.3d at 138–39; Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223–24 (7th Cir.1993)).

"To determine whether a suit is duplicative, we borrow from the test for claim preclusion." Adams, 497 F.3d at 688. "[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit." Id. (quoting The Haytian Republic, 154 U.S. 118, 124, 14 S.Ct. 992, 38 L.Ed. 930 (1894)). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Adams, 497 F.3d at 689 (citing see The Haytian Republic, 154 U.S. at 124, 14 S.Ct. 992 ("There must be the same parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the ... essential basis, of the relief sought must be the same." (internal quotation marks omitted)); Curtis, 226 F.3d at 140 (holding that the trial court did not abuse its discretion in dismissing "Curtis II claims arising out of the same events as those alleged in Curtis I," which claims

"would have been heard if plaintiffs had timely raised them"); Serlin v. Arthur Anderson & Co., 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (internal quotation marks omitted)).

**Discussion**

On November 18, 2013, Plaintiff filed a Complaint at this court which is pending as case 1:13-cv-01869-LJO-JLT-PC, Von Villas v. M. Pallares, et al. (Court Docket.) From a review of Plaintiff's two cases, the Court finds that the present case, which was filed after case 1:13-cv-01869-LJO-JLT-PC, is duplicative of case 1:13-cv-01869-LJO-JLT-PC, because the claims, parties, and available relief do not significantly differ between the two cases. Both cases are civil rights actions pursuant to 42 U.S.C. § 1983, and name the same four defendants: M. Palares, T. Akin, S. Heberling, and S. McAfee. The allegations in both cases concern events beginning in November 2010 at the California Substance Abuse Treatment Facility in Corcoran, California, when Plaintiff was incarcerated there.

Plaintiff brings allegations in both cases that he was retaliated against and intimidated by defendant Heberling after filing inmate appeals complaining about missing letters due to envelopes not being sealed by staff; that he was disciplined for Misuse of State Property in January 2011 because of a false report by defendant Heberling that a computer disk was found concealed in his cell; that in May 2011 he was charged with Staff Safety violations and then Possession of a Weapon; that on May 17, 2011, a box of candy bars appeared at his cell which was later found to contain a weapon hidden in one of the candy bars; that defendant Akin, who investigated the candy bar incident, denied his requests for a new investigating officer, a copy of the note used against him, and all of his witnesses, finding him guilty of possession of a weapon; that defendant McAfee removed Plaintiff's property from his cell, comingled it with his cellmate's property, and disposed of some of the property; that in August 2011 he confronted defendant Akin about the missing property and recovered his missing tennis shoes; that he was placed in administrative segregation for 280 days; that in October 2011 defendant Pallares convened Plaintiff's reissue/rehearing, denied Plaintiff the opportunity to testify and

///

present evidence, and found him guilty; and that he was transferred to Kern Valley State Prison, lost his custody status and priority work date, and developed an anxiety disorder.

In both cases, Plaintiff brings claims for retaliation and violation of due process. Both complaints request monetary, declaratory, and injunctive relief, including expungement of Plaintiff's disciplinary conviction and restoration of his custody level, points, and good time credits. After thoroughly reviewing both cases, the court finds that the minor variations in the allegations and claims of the two complaints are immaterial. Based on this analysis, the court finds the present case to be duplicative of case 1:13-cv-01869-LJO-JLT-PC. Therefore, the present case should be dismissed as duplicative.

### III. CONCLUSION AND RECOMMENDATIONS

The court finds that this case is duplicative of case 1:13-cv-01869-LJO-JLT-PC. Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This action be dismissed as duplicative of case 1:13-cv-01869-LJO-JLT-PC; and
2. The Clerk be directed to close this case.

These findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provision of Title 28 U.S.C. § 636 (b)(1)(B). Within thirty days after being served with these findings and recommendation, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __**August 26, 2014**__      __/s/ Gary S. Austin__
                                                UNITED STATES MAGISTRATE JUDGE